The next case for argument is 24-2178, Google v. Wildseed. Mr. Bagatelle. May it please the Court, Dan Bagatelle on behalf of Google along with Jonathan Tietzen and Tara Curtis. This appeal is limited to claim 15 of the 169 patent and our argument is straightforward. That claim calls for generating a hotlink message as either an SMS message or an instant messaging message, an IM message, and the Board simply didn't reach. No, I agree it's straightforward, but let me ask you. I mean, the standard of review, it's an abuse of discretion case, correct? The Board does not have, well, yes, in the sense that the Board has to reach every argument that we raise. Wildseed makes three arguments. A, we never raised this IM prong, B, we waived it, or C, the Board implicitly addressed it even though it never mentioned IM. So that's the question. Did they actually address it? No, I know. That goes to the heart of my question and I was going to ask your friend that too. How are we to review an abuse of discretion when there's silence? I mean, if the Board had said they waived this, this issue is no longer on the table, then okay, then we look at the waiver issue. If the Board gave us some guidances to even short shrift to a merit argument on the IM, we can review that. But how do we review an abuse under abuse of discretion? We don't know what happened here, right? We don't know what happened. The Board's decision quotes Claim 15 but doesn't mention the IM prong. It then addresses the SMS prong in about three pages of pretty fulsome analysis and we aren't appealing that. So do we assume that the Board thought that was no longer in the case or never thought it was in the case in the first place with respect to Claim 15? It is unclear and I think, to be honest, you'd have to remand for the Board to explain what it was doing there. I mean, it's clear though. I don't really find that the petition is so unclear that that argument is even being made. Well, okay, may I address why I think it's pretty clearly made? Well, yeah, you can. Let me just, let's just, for purposes of this question, let's just assume that the Board looked at this and they don't see this argument and so that's why they don't mention it. Then it probably wouldn't be an abuse of discretion. If they had said that. I know, you can walk me through the petition and I'm going to have you do that because I think the petition is pretty confusing, but it may be there. Well, let me just say that if, I find it hard to believe that because we raised IM and SMS in the same portion of the petition and what we said was, you know, Rothschild talks primarily about email, but here with respect to Claims 5 and 15, Rothschild also expressly says you can use this method with other methods. Well, sure, but the problem there, I think, is that you've said you could use, I'm going to get this all messed up because it's complicated to me. You can use SMS and IM with HTML and, well, I mean, that's what Rothschild, Rothschild is talking about HTML, isn't it? Or is it not? Well, Rothschild. Let's just assume you're reading that to say Rothschild uses HTML with email and then it also says you can use the same methods with SMS and IM. Well, that's wrong with regards to SMS, isn't it? You don't use HTML with SMS. You wouldn't use HTML with SMS.  We weren't relying, basically, what Rothschild. But HTML, in your view, can work with IM. It was never contested. All of their evidence was limited to SMS. So if I can just explain about the petition. The petition. Why don't you cite us to the exact parts of the petition and walk us through it? Okay. It's actually mentioned in several spots. But if you look at the introduction to the petition, at 82, we mentioned IM and SMS along with email. But more directly, that's at Appendix 82. But more specifically, with respect to Claims 5 and 15, and 15 is at 129, but it refers back to Appendix 115. And that's where we explain that although Rothschild primarily described email, he expressly recognized that you could use the same technique with other messaging types, including SMS, IM, video messages. And by the way, that is no different than what the patent does. If you look at the patent at Appendix 71, Column 14, that's all the patent says. But when you, I get it, but when you're citing that statement in Rothschild for SMS, it has to mean with regards to JPEG files, not HTML, doesn't it? No.  Am I wrong? I thought it was uncontested that HTML coding doesn't work with SMS. We did not contest that. No.  So when you say, so let me back up, because you keep saying this, and I think this is a sticking point for the board, and it's a sticking point for me. When you say Rothschild teaches the same method as for email as it does for SMS, to the extent the email method is HTML, then Rothschild is wrong that you could use that with SMS. I don't think this is a guilty plea. It's what complicates it for me. Here's the problem. It's a complication. It's actually a complication that they argued. They argued that Rothschild never expressly mentioned HTML. So we got into a big argument. It was Rothschild talking about RTF or HTML. The board said, you know, we were not making an argument of express disclosure. We were arguing that it was obvious in light of the additional reference CHEN and the HTML specification. So we had expert testimony from Dr. Holtz. I think what's happening, and I struggled with this, is that Rothschild teaches this at a high level, but it doesn't necessarily teach the details of how to implement it with regards to the specifics of email, SMS, and IM, right? Well, it discusses HTML, excuse me, it doesn't express HTML, but it discusses the method pretty extensively without necessarily using the words HTML. It also discusses it pretty extensively regarding SMS. But again, this is exactly the way the patent does it, appendix 71, column 14. You know what? I don't really care about the patent. I care about your petition and where the board was on notice that you were making the specific argument that claim 15 with regards to IM and HTML rendered it obvious. Okay. Two points about that. First, Wild Seed itself acknowledged as much, and it's so replied. They acknowledged that our arguments regarding SMS and IM, we made them saying that they were the same as email. This is where they say it. They say it at appendix 477. They say, they admit that we made the same argument, just like email. And then at the oral hearing, when they argued that we had waived it, their only point for waiver was really that we said SMS can't be used with HTML. But we answered that at the hearing. It was quick. It was at the end of the hearing. Where in the petition would it be clear to the board that with regards to claim 15's focus on IM, that your theory was that IM and HTML render claim 15 obvious? Okay. So it's the combination of the discussion in detail about email in connection with limitation 1.4, and that talks about the email and HTML aspects. Let me find the citation for that. If you look at the petition in connection with 1.4, it's at appendix 106 to 108. And then just a few pages later at 115 in connection with claim 5, we say Rothschild describes its technique with the example of an email message that states that it is applicable to other forms of communication, including SMS and IM. That's at appendix 115. And we quote from Rothschild, column 8. That's actually appendix 1226. That's where it's reprinted. And we go on to say the same thing in connection with claim 15, which also contains that. Well, can you go back to your discussion in claim 1 and 1.4? Is this not – you went over that quickly. Is the theory here on a high level that it just does it, or the theory that for email it does it through HTML? Well, we raised – the two theories here is that you can do it via HTML and we also mentioned the image data. So we secondarily raised image data. The board at the end – JPEG and GIF. Okay, okay. But the board at the end of the day said – Where in the discussion of 1 does it talk about image data? We mentioned the image data. Is it at the bottom of page 106? That's part of it. But we also – we explained – I mean, because then you go over to the next page and you – you're really talking about HTML. Well, we also said that the URL could be displayed to the user via a JPEG graphic at the bottom of there. And we had some expert testimony from Dr. Ho as well. But eventually the board said – So your view is that this is enough in one to put the board on notice, that you're not just arguing HTML, you're arguing that these hot links through email can be used through HTML or JPEG? Yes. And also keep in mind that we raised SMS and IM in the same place in the petition at the same time and the board recognized that we didn't forfeit SMS. Here's where I'm struggling. Even if I grant you that maybe you talked about email and IM and SMS using HTML in the petition and the board was supposed to understand that, when you later give up, abandon the SMS HTML theory, if all along you've said IM is the same as SMS, then the board reasonably understood that when you gave up the SMS HTML theory, you were giving up the IM HTML theory. Well, one, the board never said that. The board says that, but we're reviewing for an abuse of discretion how they read the petition and how they understood what arguments you're putting in front of them. First of all, the only – first of all, we put IM in play, they came back and said you can't use it with SMS, and we pointed out that that argument was limited to SMS. And we said that in the hearing. We said at the hearing that we're still raising IM. Can you point to any place where you would have told the board, hey, our arguments about IM are different than our arguments about SMS? I understood your whole colloquy with my colleague here to be, every time we said SMS, we also meant IM. But then when you give up SMS, doesn't it logically follow you're giving up IM? No, because the argument was strictly – the counter-argument was strictly limited to SMS. It had nothing to do with IM. If you remember, they were trying to raise the argument in our petitioner's reply. Our petitioner's reply only responded to the arguments they made in their paternal response, and those arguments were limited to claim one. They never mentioned claim 15. They never mentioned IM. They threw in passing this – Sure, but the – can we just go back to the petition, because your problem for me is, when you get to claim 15, you don't say anything – you don't have an argument here. You're just going – and I get it. You have limited amounts of pages, so you have to do cross-referencing and stuff. That's maybe the board's fault for having such strict page limits, whatever. But 15, all you have – you don't distinguish between SMS or IM. You just quote the thing, and then you say, see claims five and ten. See claim five, right. And that's on Appendix 115. And we mentioned – And if we go back to – if we go back to the discussion of, is it more helpful to go to ten or five first? Five. Well, five is the one that calls out the IM alternative, along with the SMS and email. So we – ten would have been just basically a rehash of claim one, because it's not specific to – Well, okay. But this is – here, again, it just doesn't – I understand the board may be missing this. It may be that it's good enough and it needs to go back. But this discussion in five definitely calls out SMS and IM, but it doesn't say anything about which specific formatting it's using, HTML or JPEG. And if you go back to one, you did show me where one talks about it in terms of HTML or JPEG. And that's what you're saying is enough? Well, in our view, we raised it in the petition. We didn't waive it along the way, and the board never reached it. If you have doubts about that, maybe the board did it sub silentio, I think the right answer is to remand and ask the board. Because again, how would they have – Remand. They have the right to tell us they didn't address it because you waived it or because you didn't adequately articulate it, right? That would be within the scope of the remand. It would be up to the board to make the ruling that they should have said. I mean, they just never even quoted the relevant portion of claim 15, never addressed it. You're not asking us to rule out the possibility that they found that you waived it? I think – well, if they had wanted to rely on waiver, I think they would have said so. I think they just overlooked it. But if you have doubts about that, then I suggest that you remand for the board to say what it meant. Because we don't know what – And how about would the remand allow the board to give both sides a chance to present more evidence if they wished on whether IM uses HTML? That would be in the board's discretion. We are confident. It has never been raised so far. But if they want to challenge whether IM can be used with HTML, we welcome that. We would be happy to debate that issue. Okay. Why don't we hear from the other side and we'll restore some rebuttal. Thank you. Good morning, Your Honors. May it please the Court. Zach Higgins for Wild Seed. So what we have here is not silence and it's not waiver. Instead, the board quoted Google and was not abusing its discretion when it ruled that Google's argument is limited to email. Well, look at what the board said about 15. It's just discussing SMS, right? Is there any reference to IM, either to a waiver of IM or to a discussion of the merits? It is true that the board didn't use the term IM, but what we're pointing to is the statement at Appendix 35 where the board says, first in the body, petitioner requires an email embodiment. And in footnote 6, they say that our decision would be the same under the other ground, the only other relevant ground, because that ground still relies upon email. The corollary of that statement, because their petition relies on email, anything other than email is not included in that argument. And there's three places, three different statements from Google that each independently prove that Google never articulated an instant messaging plus HTML argument. Let me just, before you get to that, and I'll let you get to that, is we've got a circumstance, this issue, there are lots of claims here and they're independent, this is just a dependent claim, right? Correct. And it didn't come up really in detail in terms of a robust discussion until your surreply. So assuming it was treated in the petition, both of those for Claim 15, SMS and IM, and then you get your surreply and you make good, obviously persuasive arguments about SMS and HTML, where does that leave us? Is it incumbent upon the other side to say, well, we're still preserving, they didn't make the good case against IM, or is it just clear on the papers that, yeah, they made a case about a portion of Claim 15, but not the entirety, so Google doesn't have to jump up and down and reiterate what is going on in IM, because your surreply was limited to  Yes, in an alternative universe, that fact scenario would be more challenging. What we have here, though, the reason I say that the three statements prove that Google never articulated an instant messaging plus HTML argument is because Google's petition reply brief below, their reply brief that the board quoted in its ruling that Google's argument requires email, their reply brief characterizes their own petition as not being setting forth anything about SMS plus HTML, which is undisputed. That knocks out the three messages. Let's stop talking about SMS, because I think, at least I agree with the notion that SMS and HTML can't work together, so that's not going to render Claim 15 obvious, but the real question, and I think what they're arguing is, they also presented in their petition and they walked me through it, a very skeletal version of IM with either HTML or with the JPEG. Right. And the board clearly did not address IM with JPEG, right? The board did not. So if it's in the petition, and they didn't address it, that's probably an abuse of discretion. Well here's the important fact on top of that, Your Honor, is there's the petition itself, which at best is maybe vague, maybe wrong about HTML and SMS, but then there's what happened after the petition is what's important here. That's what the board quoted. That's Google's own brief characterizing its petition. Google characterized its petition. This is not a waiver. This is not a change of the argument. Google said that its petition relies on email. And the board quoted them and said, yes, you certainly do. We're in the appendix. Yes, so. The brief. Yes, at appendix 35, the board quotes the petitioner's brief at 20 to 21, which corresponds to the appendix at 433 to 4. We quote a different passage of the same discussion at appendix 435. Wait, page 35, we're in there now. Oh yes, so the second full paragraph of page 35, Your Honor, first they talk about what the petition does and that they rely on email. So and then, and they're quoting the petition. That's talking about 1.4. Yes, because that 1.4 is the only place. This is what's confusing. They definitely for claim one relied on email and HTML. But for claim 15, because it doesn't involve email, they by definition had to rely on something other than email. They may not have raised the argument sufficiently, but they certainly put the board on notice that they intended to argue that IM or SMS was also obvious. So Your Honor, this exact issue came up at the hearing. So I wanted to, I first wanted to make sure that Your Honors understand the first statement by Google. First of three. Show us where Google made the statement. Yes. What the board said about Google. Yes, certainly. Certainly, Your Honor. So appendix 35, in that second paragraph, they're quoting the. Show me where we have the Google brief that you're relying on. Right. So that site is to 433 to 434. And which, where is it? So at appendix 433 at the bottom of the page, that quote starts and it says, quote, for the reasons explained in the petition, the combination of Rothschild and Chen represents the combination of email and HTML. They never say anything there about SMS or IM. They don't say, and we're not also arguing, where our petition didn't also put in play IM or SMS. Yes, but there's, the board read that statement as confirming that the petition only makes an argument about email. Well, that's just wrong. I mean, that's just flat out wrong that it's only making an argument about email because it has very cursory stuff on claim 15, which by definition is an email. And also the stuff he pointed to us while he was up here in their petition on claim one, it definitely talks mostly about email and HTML, but there are references to Rothschild doing all this stuff with JPEG files. It's in the petition. Yes. So, Your Honor, this. So, what you seem to be arguing is waiver. No, we're not arguing. Okay. Well, let me say this. If it's in the petition and the board didn't address it, then why isn't it there? Our point is that it was not in the petition in their three statements by Google. We're getting through just the first one so far. The petition is the first statement by Google. So at appendix 430, this is the part that we quote in our brief. It's the same discussion. I don't find this helpful. Well, I just want to make sure that you understand what we're saying. I think this is addressing claim one. It's not addressing claim 15. It applies. It says the petition and it applies to the entire petition, including claim 15. I think you're way over reading this. So, and then where that, so this is the first part that where it comes up. So in the first paragraph, first full paragraph of appendix 430, that's what we're quoting. And it says. You continue. Maybe I'm misremembering your brief, but you say repeatedly, I think in your brief, you use this and you say only in email. Right. You put in the word only. And so it's a different reading to say in email doesn't say only in email. I agree, Your Honor, that it's possible to read that different ways. The point that we're raising by pointing you to the board's ruling page at appendix 35 is that the board quoted Google's characterization of Google's own petition and said that Google requires an email embodiment. So it's true that that means they don't. Can you explain to me how that makes any sense that Google would say all of our arguments require an email embodiment when one of your claims is not email? Yes. That was because. Wouldn't that be them conceding that on its face, claim 15 is valid? That could. Yes. And that, that was a mistake. And it came up at the hearing. It came up at the hearing. That's not a waiver. It's not waiver. It's a characterization of what the petition said in the first instance. I thought you acknowledged in your briefcase that Google was arguing IM when Wild Seed's surreply raised the SMS IM thing. So I thought, I didn't think you were making the argument that it wasn't in the petition. I thought you were conceding it was in the petition and then you were going to the surreply and your so-called waiver or forfeiture argument wasn't with respect to the petition at all. It was with respect to not responding to the surreply and re-raising the IM even though the surreply just dealt with SMS. Am I right about that? So we, we acknowledge that Google articulated a JPEG argument for SMS and instant messaging. And point number two is that this came up at the hearing. The board on Appendix 36, however, said that this alternative argument about image data is merely the same argument that Google made. It's part of their HTML embodiment. That's the last paragraph of Appendix 36. So the board's ruling at the end of the day was there's only one argument. There's no alternative argument. But I guess the confusing thing is all the pages you're citing, 34, 35, and 36, the board starts off and quotes Claim 15 and just refers to the SMS portion. And it continues to, in every discussion you've pointed to, it's only talking about, the paragraph starts, the record establishes that SMS does not use HTML. I don't see, and the thing you just showed us, it says petitioner does not explain in an SMS. Right. So all this discussion, it's not the board saying anything about IM, right? That's true. And we would have preferred the board to have said IM. That's true. But this exact issue came up at the hearing. This is statement number two by Google. At the hearing, when we pointed out, because Google's petition requires email, and because Claim 15 does not allow for email, it's the outlier claim is the only one that doesn't. We said, and made a slide on the point, Google has no argument for Claim 15. At the hearing, Google addressed our slide and said, well, we have an argument for Claim  Do you have a page? Yes. So the hearing transcript is at 610, and it's lines 16 to 25. And the underlying slide, I can point you to as well. But what Google says is, we don't have an argument about SMS and HTML. But what the petition does rely on. So here again, we're not talking about waiver. We're talking about Google characterizing its own petition. It says the petition relies on. I'm sorry. There's a page number on 610. A line number. Oh, yes. So 16, Your Honor, is where the paragraph starts. And what I'm reading from is, starting at line 20, what Google says about its own petition. So not a waiver. This is a characterization of its petition. Just like the characterization before. But what the petition does rely on is that Rothschild's teaching of a technique, it can apply to SMS or instant messaging, and then that's the JPEG argument. That's it. Well, it could also be the IM HTML argument. They're not giving anything up there. But Your Honor, when the exact issue, when we made the argument that they have no argument for Claim 15 because their petition relies on email, their response was, well, we have a JPEG argument. Note that they never said, oh, what are you talking about? We do have an HTML for IM argument. So what Google would have us believe is that at the hearing when this exact issue came up. I don't see anywhere where they say we don't. Can I go back to where I started, which is the standard, assuming the standard is abuse of discretion. How are we to review whether the board abused its discretion with even the exchange that we've had here in the past 20 minutes? If the board indeed thought that there was a waiver, and maybe they could carve a way to do that, but in order to establish the absence of an abuse of discretion, don't we need an analysis from the board? Maybe they thought there was a waiver. Maybe they forgot this provision was in there. And yeah, it would have been nice and helpful if Google had called it out again after the SIR reply, like, yeah, this is our answer to SMS, but don't forget about this IM thing. But we don't have anything to review on abuse of discretion, and I think we've well established for the past 15 minutes that there's nothing for us to review because we don't know the basis of what the board did. So the statement to review, Your Honor, is out of Appendix 35. Petitioner requires an email embodiment. That statement, the corollary of that statement is that something besides email is not included. Can I ask you, you started by saying, if I recall correctly, the board was not silent, was not silent on IM is what I think you wanted us to say. But you have to admit the discussion at 34 to 37 is silent on IM. I can find nothing at all about IM expressly, correct? You're right. You're right that they don't mention the word IM. In fact, when they start off by quoting the claim language, they don't even give us the full claim language, right? Yes. So it's silent. So we have to send it back to them to tell us why they're silent. Well, no, Your Honor. And then there's that third statement that I also want to make sure I point out. The third independent statement that independently proves that Google never articulated an HTML and IM argument is that Google is now asking for permission to inject new facts in the record. They're saying that they want notice and a chance to respond to any doubt about whether IM could use HTML. You're saying in their briefing. Yeah. So tell us. In their reply brief at page 21. But they're looking the wrong direction. If there were something... If the reason, if I think that this needs to go back because I have no idea what the board thought about the IM HTML or the IM JPEG arguments, I don't know if they thought it wasn't in the petition or if they thought it was in the petition and then it was abandoned. I just don't know. Don't I need to send it back and the board will exercise its discretion to tell us maybe it was waived. Maybe it was never there. Maybe there's not a sufficient evidentiary record. Why would I micromanage that remand? So you can simply affirm the statement that petitioner requires an email embodiment. But also if you did remand, we just ask that the record stay closed. Because if there's any proof about IM using HTML and there's not. But if there were any, that is what Google should be pointing to. The fact that there's not even proof or a suggestion of that combination means that Google cannot have articulated an argument based on this non-existent hypothetical combination. If it turns out the board completely overlooked this portion of their petition and of your claim, why would I tell the board it can't ask for more evidence if it wants it? The board didn't overlook anything because Google characterized its own argument as being limited to email, Your Honor. And I understand it's frustrating that the board didn't say the word IM. But because they said it requires email, the logical corollary of that is that- Well, let's assume that that's a misreading of their petition. I don't think that if that's what the board meant, then they misread their petition. Well, Your Honor, it is- If that's the case, I don't want to argue about whether they did or not. Let's just assume for hypothetical purposes that's my conclusion. Then don't we have to send it back? Well, Your Honor, I agree that it's- They haven't addressed IM. It's an unusual situation where something comes up and a petitioner in reply says, yes, we're making an argument. And that leaves them with no argument on a defendant claim. That's exactly how we brought it up.  But you're not answering my question. I'm assuming you're wrong about all that and they didn't give it up, that it's in the position and what they were saying there doesn't have anything to do with giving up Claim 15. Then if IM was addressed in the petition and the board didn't address it at all, we have to send it back. If you wanted to do that, Your Honor, if you're inclined to do that, all we ask is that you keep the record closed. Thank you. We'll restore three minutes. Can you start off with just this last question we were talking about? I do recall, but I can't find where it was, in both blue and gray, you said in the alternative about the board reopening the record or making new arguments. I said, well, what we said in our brief and what I will say here is that if the other side or the board wants to suggest that IM cannot be used with HTML, then that new argument is something that we have a right to respond to. If somebody is going to inject that issue this late in the game, let us respond to it just as a matter of due process. If I can just address really quickly Appendix 35. The sentence says, Petitioner requires an email embodiment with HTML to meet limitation 1.4. Because that's what our discussion of 1.4 said. Then they go on to discuss SMS. If we were limiting our arguments to HTML with email, why would the board then go on for two pages to address the merits of our SMS argument? No, they were just pointing out that that's what we were talking about through limitation 1.4. Then, in connection with 5 and 15, we said you can apply the same approach with something other than email. That's what the board goes on to talk about, but only in connection with SMS. In our petitioner's reply, we again were discussing Claim 1. That's the only thing that was in play at that time. We were relying on that discussion of email. There was other discussion in the petition about extending it. That's another part of Rothschild, but we were relying on Rothschild's detailed disclosure of email for purposes of Claim 1, which was what was in play then. Finally, Appendix 610, which is the hearing transcript, I'll admit it's not a model of  My argument today is probably not a model of clarity. What that sentence says, if you don't clip it short, supports what we have to say. First we say we're not making the case that SMS messages would include HTML. This is Appendix 610. What the petition does rely on is that Rothschild's explicit teaching of a technique, it can apply that to SMS or instant messaging. We also mentioned the image data, and the board didn't buy our image data argument saying it was derivative of our HTML argument. Okay, but that still leaves our primary argument involving HTML and HTML with IM. I think it was adequately raised in the petition. We did not waive it. We did not waiver from it. The board simply didn't reach it, so at least you ought to go back. I don't want to game out all the possibles. But one possibility is they could say, look, you have an obligation to be clear in your petition and in your argument. You were not clear, therefore we didn't see it, and to store you lose. At that point, we could consider whether we wanted to appeal from that decision, but I don't know what the board's going to say. I don't know whether the board's going to hear more evidence. I think they overlooked it. Thank you. We thank both sides. The case is submitted.